IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPW, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4382-CV-C-SOW |
| | ) |
| ENERGEM RESOURCES, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is: defendant Energem Resources, Inc.'s Motion to Dismiss for Lack of Jurisdiction and Motion to Quash Service of Process (Doc. #3).

Discussion

A. <u>Defendant Energem Resources, Inc.'s Motion to Quash Service of Process</u>

Defendant Energem Resources, Inc. asks this Court to quash plaintiff's service of process. Defendant argues that Plaintiff has not effectuated proper service of process by failing to comply with any statutorily provided method. Specifically, defendant argues that sending the complaint and summons to the law firm Koffman Kalef was improper because defendant never authorized that law firm to accept service of process. However, plaintiff argues that defendant has listed Koffman Kalef as defendant's "registered office" in Canada (Ex. 2, Energem Website Information, p. 3), and as such service of process was proper. In addition, plaintiff notes that under Canadian law, a registered office is a general agent of the company authorized to accept service of process. Indeed, this Court finds that plaintiff duly effectuated service of process by serving the listed registered office in Canada, where defendant is incorporated.

Defendant also argues that even if Koffman Kalef is an agent for service of process,

plaintiff violated the Hague Convention by failing to direct the service of process to Canada's Federal Central Authority. Plaintiff completed service of process per the Hague Convention on January 12, 2006, when it again served defendant's registered office through Canada's Federal Central Authority. This Court finds that plaintiff thoroughly effectuated proper service of process both statutorily and through the Hague Convention.

B.     <u>Defendant Energem Resources, Inc.'s Motion to Dismiss for Lack of Jurisdiction</u>

Defendant Energem Resources, Inc. asks this Court to dismiss plaintiff's case and initial pleading for lack of jurisdiction. In reviewing this motion the Court must consider facts favorable to the nonmoving party and resolve factual conflicts in favor of that party. *Sawtelle v. Farrel*, 70 F.3d 1381, 1385 (1st Cir. 1995).

Defendant first argues that general personal jurisdiction does not exist because there have been no continuous and systematic contacts by defendant with the state of Missouri. The plaintiff makes no claim to the contrary. Thus, the Court must assess whether defendant had sufficient contacts with Missouri to satisfy the due process clause and to allow plaintiff's claims to proceed on the basis of specific jurisdiction.

Defendant argues that no sufficient contacts with Missouri exist to satisfy due process. For due process to be satisfied the defendant must be subject to the Court's jurisdiction under the state long-arm statute. Missouri's long-arm statute § 506.500 provides that:

> 1.     Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts:

2

Case 2:05-cv-04382-SOW   Document 14   Filed 03/28/06   Page 2 of 6

>   (1) The transaction of business within this state;
>
>   (2) The making of a contract within this state;
>
>   \* \* \*
>
>   (5) The contracting to insure any person, property or risk located within this state at the time of contracting

Defendant is subject to the long-arm statute by transacting business in Missouri, because it agreed to pay a Missouri corporation for property located in Missouri. In addition, defendant is subject to the statute by entering into a contract in Missouri, with a Missouri resident. Finally, defendant also satisfies the statute by contracting to insure property located in Missouri at the time of contracting.

The next question is whether the exercise of that jurisdiction comports with due process by showing the defendant had sufficient minimum contacts with the state of Missouri. Defendant satisfies the requisite minimum contacts with the forum state. These minimum contacts must form a "substantial connection" with the forum state for jurisdiction to attach. *Porter v. Berall*, 293 F. 3d 1073, 1075 (8th Cir. 2002) The factors for determining a substantial connection include: (1) Nature and quality of the contacts; (2) Quantity of the contacts; (3) Relation of the cause of action with the contacts; (4) The interest of the forum state in providing a forum for its residents; and (5) Convenience of the parties. *Id*.

This Court finds that the nature and quality of the contacts suggest a substantial connection to the forum state. The defendant entered into a contract in Missouri with a Missouri resident; the defendant leased a plane that was located at the time of contracting in Missouri; the lease was specifically governed by Missouri law as defendant agreed to by executing the contract; the defendant agreed in the contract that delivery of the plane would be in Missouri, at

3

which time the defendant could take the plane to the desired destination; the defendant sent background and training information to the plaintiff about the defendant's pilots, so that plaintiff could add those pilots to the RVSM; the defendant added the Missouri property to its insurance program; the defendant added the plaintiff as First Loss Payee to defendant's insurance policy; and the defendant added a Missouri banking corporation to its insurance policy as first lienholder and breach of warranty holder. While the Court agrees with the defendant that any of these actions taken alone would not be sufficient to attach jurisdiction, all of the actions taken together do satisfy the minimum contacts requisite. These contacts suggest that defendant had purposeful contacts with Missouri and make it reasonable for defendant to expect to be haled into a Missouri court.

In addition, the numerous contacts defendant had with Missouri relate directly to the cause of action, which is a breach of contract. This contract arose directly out of the contacts that defendant had with the forum state. The forum state also has an interest in providing its resident with a forum to litigate causes of action. The plaintiff is a Missouri company and conducted all of the work for the defendant in the forum state.

The convenience of the parties is the last concern and defendant strongly argues that it is overly burdensome to require it to litigate in Missouri and the United States. However, this court is satisfied that the defendant should have no problems litigating in both Missouri and the United States. The defendant purposefully availed itself of the United States as a market for leasing planes. In essence, the defendant sought out on its own, the United States as a potential market. Furthermore, the Court disagrees with defendant's implied suggestion that the only place it can be sued is in South Africa, since it is a South African corporation and none of its contacts with

4

the United States meet the minimum contacts requirement. The only contacts the defendant even has with South Africa is that it is the principle place of its business. Defendant admits the property, all negotiations, and the contract execution and applicable law are all within the United States. This case is distinguishable from the defendant in the *Asahi Metal* case because in that case the defendant did not use the United States market for its product and had no way of knowing its product would end up in the United States. *Asahi Metal Industry Co., Ltd. V. Superior Court of California, Solano County*, 480 U.S. 102 (1987). Here, the defendant knew that it was contracting and negotiating with residents of both the United States and the State of Missouri.

In addition, the defendant argues that if it had any connection with a state, then it would be with Florida where certain negotiations took place. Defendant also argues that this connection is inconsequential. As discussed above, defendant satisfied the minimum contacts requirement with the State of Missouri. Given these significant contacts and that defendant agreed that Missouri law is the law governing of the contract, Missouri is the best possible forum to litigate this claim. Both the United States and the State of Missouri have an interest in providing their residents with a convenient forum for redressing injuries inflicted by out-of-state actors, who purposefully avail themselves of the forum state. Defendant had reasonable expectations in being haled into court and this Court finds that it is not overly burdensome for defendant to litigate in both the United States and the state of Missouri.

## II. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant Energem Resources, Inc. Motion to Quash Service of Process is denied. It is further

ORDERED that defendant Energem Resources, Inc. Motion to Dismiss for Lack Jurisdiction is denied.

                                             /s/Scott O. Wright
                                             SCOTT O. WRIGHT
                                             Senior United States District Judge

Dated: March 28, 2006